UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL DAVID KAUFMAN,

    Plaintiff,

    v.

M. E. SPEARMAN, et al.,

    Defendants.

Case No. 15-cv-02777-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Joel David Kaufman, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3    face."  *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

4    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

6    should assume their veracity and then determine whether they plausibly give rise to an entitlement

7    to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9    the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

12       Kaufman alleges that he has severe food intolerances that defendants have not properly

13   addressed.  Deliberate indifference to serious medical needs violates the Eighth Amendment's

14   proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

15   (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds,*

16   *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

17   determination of "deliberate indifference" involves an examination of two elements: the

18   seriousness of the prisoner's medical need and the nature of the defendant's response to that need.

19   *See McGuckin*, 974 F.2d at 1059.

20       Adequate food is a basic human need protected by the Eighth Amendment.  *See Keenan v.*

21   *Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).  The Eighth

22   Amendment right to food was clearly established as of at least 2001.  *Foster v. Runnels*, 554 F.3d

23   807, 815 (9th Cir. 2009).  Denial of food service presents a sufficiently serious condition to meet

24   the objective prong of the Eighth Amendment deliberate indifference analysis.  *Id*. at 812-13; *see*,

25   *e.g.*, *id*. at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because

26   food is one of life's basic necessities"); *id*. at 812 n.1 (denial of 2 meals over 9-week period was

27   not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference).

28   The Eighth Amendment requires only that prisoners receive food that is adequate to maintain

health; it need not be tasty or aesthetically pleasing. *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam) (Eighth Amendment requires that pretrial detainees be given food that meets or exceeds the Department of Agriculture's Dietary Guidelines);

Kaufman states that he is allergic to gluten, soy, and dairy and defendants have ignored letters from outside doctors. As a result he has required four Benadryl or cortisone injections after severe allergic reactions. He alleges that defendants deny he has a food allergy. He seeks monetary relief and for defendants to provide a gluten free lunch, lactose enzymes, and regular treatment from a dermatologist. Plaintiff lists seven defendants who are doctors and wardens at San Quentin State Prison and Correctional Training Facility, however he fails to describe the actions of any of the defendants and how they were personally responsible for the allegations in the complaint. The complaint is dismissed with leave to amend to present additional allegations that link each individual defendant to the constitutional deprivation.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to

1   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
2   Civil Procedure 41(b).
3   **IT IS SO ORDERED.**
4   Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL DAVID KAUFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. E. SPEARMAN, et al.,<br><br>    Defendants. | Case No. 15-cv-02777-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joel David Kaufman
AT3133
P.O. Box 686
Soledad, CA 93960

Dated: July 29, 2015

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO