UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL DAVID KAUFMAN,

Plaintiff,

v.

M. E. SPEARMAN, et al.,

Defendants.

Case No. 15-cv-02777-JD

**ORDER OF SERVICE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

1   omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
2   face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
3   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
4   must be supported by factual allegations. When there are well-pleaded factual allegations, a court
5   should assume their veracity and then determine whether they plausibly give rise to an entitlement
6   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
8   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
9   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

    Plaintiff alleges that he has severe food intolerances that defendants have not properly addressed. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

    Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment right to food was clearly established as of at least 2001. *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. S*ee*, *e.g.*, *id*. at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); *id*. at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be pleasing, aesthetically, or otherwise. *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir.

1  2010) (per curiam) (Eighth Amendment requires that pretrial detainees be given food that meets or

2  exceeds the Department of Agriculture's Dietary Guidelines);

3  Plaintiff states that he is allergic to gluten, soy, and dairy and that defendants have ignored

4  letters from outside doctors.  As a result he has required four Benadryl or cortisone injections after

5  severe allergic reactions.  He alleges that defendants deny he has a food allergy which has resulted

6  in plaintiff not receiving the minimal nutritional calories and additional allergic reactions.  These

7  allegations are sufficient to proceed.

## CONCLUSION

9  1. The clerk shall issue a summons and the United States Marshal shall serve, without

10 prepayment of fees, copies of the amended complaint with attachments and copies of this order on

11 the following defendants: Dr. Roselle Branch, Dr. Darren Bright, and Warden M.E. Spearman at

12 Correctional Training Facility in Soledad, CA.  All other defendants are dismissed.

13 2. In order to expedite the resolution of this case, the Court orders as follows:

14 a. No later than sixty days from the date of service, defendant shall file a

15 motion for summary judgment or other dispositive motion.  The motion shall be supported by

16 adequate factual documentation and shall conform in all respects to Federal Rule of Civil

17 Procedure 56, and shall include as exhibits all records and incident reports stemming from the

18 events at issue.  If defendant is of the opinion that this case cannot be resolved by summary

19 judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All

20 papers filed with the Court shall be promptly served on the plaintiff.

21 b. At the time the dispositive motion is served, defendant shall also serve, on a

22 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

23 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

24 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

25 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

26 not earlier); *Rand* at 960 (separate paper requirement).

27 c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with

28 the Court and served upon defendant no later than thirty days from the date the motion was served

3

1  upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
2  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
3  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
4      If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust
5  his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
6  note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
7  to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
8      d.    If defendant wishes to file a reply brief, he shall do so no later than fifteen
9  days after the opposition is served upon him.
10     e.    The motion shall be deemed submitted as of the date the reply brief is due.
11 No hearing will be held on the motion unless the Court so orders at a later date.
12     3.    All communications by plaintiff with the Court must be served on defendant, or
13 defendant's counsel once counsel has been designated, by mailing a true copy of the document to
14 defendants or defendants' counsel.
15     4.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
16 No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
17 parties may conduct discovery.
18     5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
19 informed of any change of address by filing a separate paper with the clerk headed "Notice of
20 Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to
21 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
22 Civil Procedure 41(b).
23 **IT IS SO ORDERED.**
24 Dated:  January 7, 2016

JAMES DONATO
United States District Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL DAVID KAUFMAN,

    Plaintiff,

  v.

M. E. SPEARMAN, et al.,

    Defendants.

Case No.  15-cv-02777-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joel David Kaufman
AT3133
P.O. Box 686
Soledad, CA 93960

Dated: January 7, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO