United States District Court
Northern District of California

1
2
3
4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    JOEL DAVID KAUFMAN,                    Case No. 15-cv-02777-JD

8              Plaintiff,                   **ORDER ON MOTIONS**

9         v.                               Re: Dkt. Nos. 28, 30, 43

10   M. E. SPEARMAN, et al.,

11             Defendants.

12

13        Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. §

14   1983.  On January 7, 2016, the Court ordered service on plaintiff's claims that he has many food

15   allergies which are being ignored by defendants and he is not receiving sufficient food.  No

16   dispositive motion has been filed because both parties requested a settlement conference.  The

17   case was referred to settlement but did not settle.  Plaintiff has filed several motions including a

18   motion to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d).  The Court will review

19   the supplemental complaint.

20                                  **DISCUSSION**

21        **STANDARD OF REVIEW**

22        Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

25   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

27   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

28   Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

3    factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

4    relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

5    cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

6    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

7    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

8    face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

9    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

10   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

11   should assume their veracity and then determine whether they plausibly give rise to an entitlement

12   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

13   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

14   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

15   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **LEGAL CLAIMS**

17   Kaufman alleges that he has severe food intolerances that defendants have not properly

18   addressed and he has been subject to retaliation.  Deliberate indifference to serious medical needs

19   violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle*

20   *v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

21   *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.

22   1997) (en banc).  A determination of "deliberate indifference" involves an examination of two

23   elements: the seriousness of the prisoner's medical need and the nature of the defendant's response

24   to that need. *See McGuckin*, 974 F.2d at 1059.

25   Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v.*

26   *Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).  The Eighth

27   Amendment right to food was clearly established as of at least 2001. *Foster v. Runnels*, 554 F.3d

28   807, 815 (9th Cir. 2009).  Denial of food service presents a sufficiently serious condition to meet

United States District Court
Northern District of California

2

the objective prong of the Eighth Amendment deliberate indifference analysis.  *Id*. at 812-13; *see*, *e.g.*, *id*. at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); *id*. at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.  *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam) (Eighth Amendment requires that pretrial detainees be given food that meets or exceeds the Department of Agriculture's Dietary Guidelines).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

Plaintiff states that on July 26, 2016, he suffered an extreme allergic reaction but was denied proper treatment.  However, plaintiff has failed to identify any specific defendant and it is not clear if it involves the defendants in this case.  Plaintiff also alleges that in retaliation for filing this complaint he has suffered retaliation in the form of being moved from cell to cell.  He has again failed to identify the specific actions of any individual defendant or show that the adverse action was because of his protected conduct.

The supplemental complaint is dismissed, but plaintiff will be provided one opportunity to amend to cure the deficiencies noted above.  Plaintiff should also include the allegations against the existing defendants if he files a new supplemental complaint.  Defendants have also noted that the new claims are unexhausted.  Plaintiff may wish to address this if he files a new supplemental

complaint.  If the new claims are unexhausted and the Court permits them to continue, the defendants may file a motion for failure to exhaust which could delay reaching the merits of the current claims.

**CONCLUSION**

1.      Plaintiff's motion for leave to file a supplemental complaint (Docket No. 30) is **GRANTED**.  The supplemental complaint is **DISMISSED** for the reasons discussed above. Plaintiff will be provided an opportunity to file an additional supplemental complaint within **twenty-eight (28) days** of the date this order is filed.   Plaintiff must include in it all the claims he wishes to present.  He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in this case continuing on the prior complaint.

2.  Plaintiff's motion for a status update (Docket No. 28) is **DENIED** as moot.  Plaintiff's motion to terminate settlement talks (Docket No. 43) is **DENIED** as moot because this case is no longer on the settlement calendar.

3.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 18, 2016

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL DAVID KAUFMAN,

            Plaintiff,

      v.

M. E. SPEARMAN, et al.,

            Defendants.

Case No.  15-cv-02777-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
District Court, Northern District of California.

That on November 18, 2016, I SERVED a true and correct copy(ies) of the attached, by
placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

Joel David Kaufman
AT3133
P.O. Box 705
Soledad, CA 93960

Dated: November 18, 2016

Susan Y. Soong
Clerk, United States District Court

By:
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO